IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| COREY WAYNE STONE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-406-O |
| | § | |
| ERIC D. WILSON, Warden, | § | |
| FMC-Fort Worth, Et Al. , | § | |
| | § | |
| Defendants. | § | |

**OPINION and ORDER OF PARTIAL DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)**

This case is before the Court for review of pro-se-inmate/plaintiff Corey Wayne Stone's pleading under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Complaint, ECF No. 1. After reviewing the complaint, the Court finds that one of Senkowski's claims must be dismissed.

**I.    PLAINTIFF'S PLEADING**

In the complaint, Stone, an inmate at FMC-Fort Worth, complains of the conditions of COVID-19, and names three officials at FMC-Fort Worth. Complaint 1,3, ECF No. 1. Although he seeks monetary damages from those individuals, Stone also seeks an order for "immediate compassionate release of Plaintiff." *Id*. at 4. Because the Court does not have jurisdiction to consider a motion for compassionate release, the Court will issue this order.

**II.    PRELIMINARY SCREENING UNDER § 1915A and § 1915(e)(2)(B)**

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).

Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor a "formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III.   ANALYSIS

As noted, although Stone asserts claims for monetary damages against three individual defendants, and the Court will later screen and consider the viability of those claims, Stone also seeks *immediate* compassionate release due to exposure to COVID-19. *Id.* at 4 (emphasis added). The Court notes that compassionate release is provided for in 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has found that a district court, other than the sentencing court, lacks jurisdiction to consider a § 3582(c)

motion. *See Landazuri v. Hall*, 423 F. App'x 475, 2011 WL 1659572, at *1 (5th Cir. April 28, 2011) ("Because Landazuri did not file this [3582(c)] challenge to his sentence in the court in which he was sentenced, the district court ruled correctly that it lacked jurisdiction to consider it"); *see also Clark v. Upton, Et Al.*, No. 4:19-cv-064-A (N.D. Tex. Feb. 22, 2019) ("Inasmuch as the court is to consider the factors set forth in 18 U.S.C. § 3552(a) in making a determination of the kind Clark seeks [compassionate release under § 3582(c)(1)(A)], the court finds that the sentencing court would be more appropriately suited to make the decision on Clark's motion"). Thus, to the extent Stone has incorporated a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), such motion should be dismissed without prejudice to re-filing in the sentencing court.

## IV.    ORDER

It is therefore **ORDERED** that Plaintiff Corey Wayne Stone's motion/request for compassionate release, construed as seeking such relief under 18 U.S.C. § 3582(c)(1)(A), is **DISMISSED** for lack of jurisdiction without prejudice to seeking relief in the sentencing court.

**SO ORDERED** this **30th day** of **April, 2020.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**